# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 07-0120-WS |
| | ) | |
| KEVIN LAKE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The defendant has filed a motion requesting correction of clerical error. (Doc. 33). The defendant asserts that the Court should have made his federal sentence run concurrently with a state sentence, imposed after his federal sentencing and based on different conduct, and that the Court may now make this alteration pursuant to Rule 36.

In March 2007, an eight-year boy reported to his mother that the defendant had sexually molested him on multiple occasions. During the ensuing state investigation, the defendant directed agents to a cache of photographs depicting the defendant performing sex acts on multiple juvenile boys. The photographs had been taken years earlier, and one of the victims was the then-minor father of the 2007 victim. (Doc. 17 at 4-7). The 2007 conduct led to state charges, (*id*. at 11), while the images led to the four charges in this case, to all of which the defendant pleaded guilty.

The Court sentenced the defendant to 365 months (consisting of consecutive sentences of 120 months, 120 months, 65 months and 60 months), which represented a high-end guideline sentence. (Doc. 25 at 2). At sentencing, the Court noted the defendant's 1995 conviction for lewd and lascivious assault on a child; the pornographic images made the basis of the federal prosecution; and the 2007 sexual abuse incident. Taken together, this presented an "extraordinary case" of "reprehensible and destructive conduct aimed at children and spanning a great number of years." These facts and others relevant to the Section 3553(a) analysis fully justified – indeed, cried out for – a high-end guideline sentence. (Doc. 28 at 18-19).

The Court at sentencing was fully aware of the defendant's 2007 conduct and the pending state charges. (Doc. 17 at 4-5, 11; Doc. 28 at 4, 11-12). The Court at sentencing did not state whether the federal sentence would run consecutively to, or concurrently with, any forthcoming state sentence. (*Id*. at 19-21). Nor does the written judgment do so. (Doc. 25).

"[T]he court may at any time correct a clerical error in a judgment …, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 36 … cannot be used … to make a substantive alteration to a criminal sentence." *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003).

The Court's silence regarding the state sentence was not error, clerical or otherwise; on the contrary, it accomplished precisely the Court's intention. By law, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). The Court by its silence provided for consecutive sentences, which is the result it intended. As described above, the defendant's federal criminal conduct was not only reprehensible but part of a larger pattern of his sexual abuse of minors, and it required extensive incarceration. Indeed, had the defendant not pleaded guilty and thereby accepted responsibility, the Court upon conviction would have sentenced the defendant to life without parole. (Doc. 28 at 19).

Because the judgment accurately reflects the Court's intention that the defendant's federal sentence be consecutive to any state sentence, there is no clerical error correctable under Rule 36; instead, the defendant seeks an impermissible substantive alteration to his sentence. *United States v. Arrington*, 763 F.3d 17, 25 (D.C. Cir. 2014); *United States v. Cordon*, 632 Fed. Appx. 990, 992-93 (11th Cir. 2015).

The defendant objects that the Court did not comply with Section 5G1.3(b) of the Sentencing Guidelines. (Doc. 33 at 3). That provision, however, was irrelevant to the defendant's sentencing. Section 5G1.3(b) applies only when the other offense is "relevant conduct" as defined in Section 1B1.3(a)(1)-(3), and the defendant's 2007

conduct plainly was not relevant conduct as defined therein.  (Doc. 17 at 11 (the defendant's sexual abuse of an eight-year-old boy was "not part of relevant conduct")). Nor would any such error, had there been any, fall within the scope of Rule 36.

For the reasons set forth above, the defendant's motion to correct clerical error is **denied**.

DONE and ORDERED this 9th day of March, 2020.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE